FOR PUBLICATION

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS & ST. JOHN

| | | |
|---|---|---|
| In re:<br><br>JEFFREY J. PROSSER<br><br>        Debtor.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Nos. 2008-146<br>2008-147<br><br>Re: Chapter 7 Case No. 06-30009 |
| In re:<br><br>INNOVATIVE COMMUNICATION CORPORATION,<br><br>        Debtor.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Re: Chapter 11 Case No. 07-30012 |
| STAN SPRINGEL<br><br>        Plaintiff,<br><br>      v.<br><br>DAWN PROSSER,<br>        Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Re: Adv. Proc. No. 08-03003 |
| JAMES P. CARROLL,<br><br>        Plaintiff,<br><br>      v.<br><br>DAWN PROSSER,<br><br>        Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Re: Adv. Proc. No. 08-03006 |

ATTORNEYS:

Andrew Kamensky, Esq.

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 2

Miami, FL
        *For Stan Springel,*

**Daniel C. Stewart, Esq.**
**James J. Lee, Esq.**
**Michaela C. Crocker, Esq.**
Dallas, TX
        *For Stan Springel,*

**Yann Geron, Esq.**
**Fred Stevens, Esq.**
New York, NY
        *For James P. Carroll,*

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
        *For Jeffrey J. Prosser*,

**Robert F. Craig, Esq.**
Omaha, NE
        *For Jeffrey J. Prosser*,

**Karin A. Bentz, Esq.**
**Christopher A. Kroblin, Esq.**
St. Thomas, U.S.V.I.
        *For Dawn Prosser.*

**Leigh F Goldman, Esq.**
St. Thomas, U.S.V.I.
        *For John Justin Prosser, Michael J. Prosser, Sybil G.*
        *Prosser, Michelle LaBennett Prosser, and Lyndon A Prosser,*

**Alan E Pedersen, Esq.**
Omaha, NE
        *For John Justin Prosser, Michael J. Prosser, Sybil G.*
        *Prosser, Michelle LaBennett Prosser, and Lyndon A Prosser,*

**Thomas F. Friedberg, Esq.**
San Diego, CA
        *For John Justin Prosser, Michael J. Prosser, Sybil G.*
        *Prosser, Michelle LaBennett Prosser, and Lyndon A Prosser.*

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 3

## <u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court are the motions of Dawn Prosser ("Dawn
Prosser" or "Prosser") for withdrawal of this Court's automatic
reference to the United States Bankruptcy Court for the District
of the Virgin Islands (the "Bankruptcy Division") of the two
above-captioned adversarial proceedings: *Springel v. Prosser*,
Adversarial Proceeding No. 08-3003, and *Carroll v. Prosser*,
Adversarial Proceeding No. 08-3006.

### I.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Because the Court has previously outlined the facts of these
matters in related proceedings, the Court recites only those
facts pertinent to its analysis in these motions.

Prosser has been named as a defendant in the two above-
captioned adversarial proceedings.  The plaintiffs in those
cases, the Chapter 11 and Chapter 7 trustees of the bankruptcy
estates (the "Trustees"), seek the recovery of alleged pre-
bankruptcy petition fraudulent transfers and unauthorized post-
bankruptcy petition transfers.

On November 17, 2008, Prosser moved for emergency relief to
stay the trial of Adversarial Proceeding Nos. 08-3003 and 08-
3006.  In an abundance of caution, the Court granted that motion
pending disposition of the renewed motion to withdraw the

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 4

reference pursuant to Title 28, Section 157(d) of the United

States Code (Section 157(d)").

## II. <u>DISCUSSION</u>

Section 157(d) provides that "[t]he district court may

withdraw, in whole or in part, any case or proceeding referred

under this section, on its own motion or on timely motion of any

party, for cause shown." 28 U.S.C. § 157(d).  In determining

whether "cause" exists for discretionary withdrawal under Section

157(d), courts are to consider four factors: (1) promoting

uniformity in bankruptcy administration, (2) reducing

forum-shopping, (3) fostering economical use of debtors' and

creditors' resources, and (4) expediting the bankruptcy process.

*In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990).

## III. <u>ANALYSIS</u>

In *Springel v. Prosser*, Adversarial Proceeding No. 08-3003,

and *Carroll v. Prosser*, Adversarial Proceeding No. 08-3006,

Prosser previously moved to withdraw the references, arguing that

she is entitled to a jury trial.  The Court denied those motions

without prejudice, ruling that Prosser could renew her motion "if

and when the Bankruptcy Division certifies such action as

trial-ready." *Springel v. Prosser*, Civ. Nos. 2008-43, 2008-54,

2008 U.S. Dist. LEXIS 64649, at *11 (D.V.I. Aug. 21, 2008); *see

also Carroll v. Prosser (In re Prosser)*, Civ. No. 2008-61, 2008

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 5

U.S. Dist. LEXIS 54960, at *11 (D.V.I. July 18, 2008).  Prosser

states that those trials either have begun or will begin shortly.

The Seventh Amendment provides that "[i]n Suits at common

law, where the value in controversy shall exceed twenty dollars,

the right of trial by jury shall be preserved . . . ." U.S.

Const. amend. VII.  The phrase 'Suits at common law' refers to

"suits in which legal rights were to be ascertained and

determined, in contradistinction to those where equitable rights

alone were recognized, and equitable remedies were administered."

*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (quoting

*Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 447 (1830)).

In *Granfinanciera, S.A. v. Nordberg*, the Chapter 11

bankruptcy trustee commenced an action under Section 548 of the

Bankruptcy Code to recover alleged fraudulent transfers from the

debtor to two creditors of the bankruptcy estate. 492 U.S. at 36.

The creditors asserted that they had a right to a jury trial. *Id.*

The bankruptcy court rejected that assertion, held a bench trial

and entered judgment for the debtor. *Id.*  The Supreme Court

granted certiorari to decide whether the creditors were in fact

entitled to a jury trial.  The Court answered that question in

the affirmative, reasoning that actions to recover "fraudulent

conveyances of a determinate sum of money" had been brought

exclusively at law in 18th-century England. *Id.* at 43-47.  The

In re: Jeffrey J. Prosser
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 6

Court further reasoned that because the trustee was seeking only

the return of money, the action was equivalent to an action for

damages, a legal remedy. *Id.*

The *Granfinanciera* Court set forth a three-part test to

determine whether a party has a Seventh Amendment right to a jury

trial.[1]  First, the court must determine if the action would have

been considered legal or equitable in 18th-century England before

the merger of courts of law and equity. 492 U.S. at 42.  Second,

the court must "examine the remedy sought and determine whether

it is legal or equitable in nature." *Id.*  If these two factors

weigh in favor of a jury trial, the court "must decide whether

Congress may assign and has assigned resolution of the relevant

---

[1]  In order to have such a right, the party cannot have
submitted claims against the bankruptcy estate. *See Langenkamp v.
Culp*, 498 U.S. 42, 44-45 (1990) (per curiam) (holding that when a
party submits a proof of claim, it "trigger[s] the process of
'allowance and disallowance of claims,'" and thus consents to the
bankruptcy court's jurisdiction to make a final decision with
respect to its claim) (citation omitted).  The Trustees argue,
without citations to any authority, that because Prosser has
filed motions to modify a preliminary injunction in another
adversarial proceeding not under consideration here, she has
submitted herself to the Bankruptcy Division's equitable powers.
The Trustees substantiate that argument with no authority
whatever.  There is no evidence before the Court that Prosser has
filed claims against the bankruptcy estates.  Indeed, the
Bankruptcy Division, in its ruling finding that Prosser has no
jury trial right, stated that Prosser "has not filed a formal
proof of claim in these related bankruptcies." (Mem. Op. with
Respect to Right to Jury Tr. at 7, May 7, 2008.)

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 7

claim to a non-Article III adjudicative body that does not use a jury as factfinder." *Id.*

In *Granfinanciera*, the Supreme Court found that fraudulent conveyance claims involving transfers of specific and determinate amounts of money would have been at law. The Court also differentiated actions to recover fraudulent transfers of tangible property from those to recover intangible property:

> If the subject matter is a chattel, and is still in the grantee's possession, an action in trover or replevin would be the trustee's remedy; and if the fraudulent transfer was of cash, the trustee's action would be for money had and received. *Such actions at law are as available to the trustee today as they were in the English courts of long ago.* If, on the other hand, the subject matter is land or an intangible, or the trustee needs equitable aid for an accounting or the like, he may invoke the equitable process, and that also is beyond dispute.

492 U.S. at 44 (citations omitted).

Here, the complaints in both adversarial proceedings are practically identical. Both complaints allege that Prosser fraudulently transferred or received large sums of money[2], gifts and sundry real property and real property benefits. The complaints further allege that at least some of the money, gifts and property are in Prosser's possession. The Trustees seek

---

[2] The Trustees assert that they have identified thousands of cash and credit card transfers amounting to at least $60 million. The complaints list several such transfers with corresponding dollar amounts.

In re: Jeffrey J. Prosser
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 8

recovery in the form of both money and property, or the value

thereof in money.  The nature of the Trustees' actions is clearly

one at law. *See Eberhard v. Marcu*, 530 F.3d 122, 136 (2d Cir.

2008) (noting that "one of the few areas beyond dispute is that

an action 'for the recovery and possession of specific, real, or

personal property is one at law'") (alteration omitted; quoting

*Pernell v. Southall Realty*, 416 U.S. 363, 370 (1974)).

The Court next asks whether the remedy the Trustees seek is

equitable or legal.  The nature of the remedy sought here is, at

least in part, a money judgment.  That is, the Trustees

essentially seek monetary relief for Prosser's alleged fraudulent

conveyances. *See*, *e.g.*, *McCord v. Papantoniou*, 316 B.R. 113, 123

(E.D.N.Y. 2004) (suggesting that the jury trial right might be

triggered because "the Trustee essentially seeks monetary relief

for defendants' fraudulent conveyance"); *Glinka v. Abraham & Rose

Co.*, Civ. No. 93-291, 1994 U.S. Dist. LEXIS 21328, at *33-34 (D.

Vt. June 2, 1994) (holding that the defendant was entitled to a

jury trial on a fraudulent conveyance claim for which an

accounting was demanded).  A money judgment is undoubtedly a

legal remedy. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 476 (1962)

("[I]nsofar as the complaint requests a money judgement it

presents a claim which is unquestionably legal."); *Whitehead v.

Shattuck*, 138 U.S. 146, 152 (1891) ("[W]here an action is simply

In re: Jeffrey J. Prosser
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 9

for . . . the recovery of a money judgment, the action is one at

law."); *Beard v. Braunstein*, 914 F.2d 434, 438 (3d Cir. 1990)

(citations omitted).[3]

The third step of the *Granfinanciera* test asks whether

Congress may assign the claims asserted against Prosser to a non-

Article III adjudicative body that does not use a jury as a

factfinder.  The *Granfinanciera* Court made clear that "unless a

legal cause of action involves 'public rights,' Congress may not

deprive parties litigating over that right of the Seventh

Amendment's guarantee to a jury trial." 492 U.S. at 53.  The

Supreme Court also explained:

> [M]atters from their nature subject to a suit at common
> law or in equity or admiralty lie at the protected core
> of Article III judicial power. . . . *There can be
> little doubt that fraudulent conveyance actions by
> bankruptcy trustees* -- suits which . . . constitute no
> part of the proceedings in bankruptcy but concern
> controversies arising out of it -- *are quintessentially
> suits at common law that more nearly resemble state-law
> contract claims* brought by a bankrupt corporation to
> augment the bankruptcy estate than they do creditors'
> hierarchically ordered claims to a pro rata share of

---

[3]  To the extent the Trustees' various claims seek a mix of
legal and equitable remedies, Prosser would nevertheless be
entitled to a jury trial on all such claims. *See*, *e.g.*, *Curtis v.
Loether*, 415 U.S. 189, 196 n. 11 (1974) ("If a legal claim is
joined with an equitable claim, the right to a jury trial on the
legal claim, including all issues common to both claims, remains
intact."); *In re Jensen*, 946 F.2d 369, 372 (5th Cir. 1991)
("[J]oinder of equitable claims with legal claims does not
deprive a party of the right to a jury trial on the legal
claims.") (citations omitted).

In re: Jeffrey J. Prosser
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 10

> the bankruptcy res.  *They therefore appear matters of
> private rather than public right.*

*Id.* at 56 (emphasis supplied; internal quotation marks and
citations omitted).  On the basis of this reasoning, the Court
concluded that "a bankruptcy trustee's right to recover a
fraudulent conveyance under 11 U.S.C. § 548(a)[] seems to us more
accurately characterized as a private rather than a public right
as we have used those terms in our Article III decisions." *Id.* at
55.

Here, the Trustees' fraudulent conveyance actions against
Prosser aim to augment the bankruptcy estates and are brought, at
least in part, pursuant to 11 U.S.C. § 548(a).  Those actions are
precisely the sort that the *Granfinanciera* Court held to be
private, not public, rights. *See*, *e.g.*, *Beard*, 914 F.2d at 441.

The Trustees contend that Prosser has no Seventh Amendment
right to a jury trial.  They first assert that Prosser has failed
to demonstrate "cause" under Section 157(d).  That assertion is
without merit.  "'Cause' to withdraw the reference automatically
exists in cases where the party seeking the withdrawal is
entitled to a jury trial under the Seventh Amendment." *Peachtree
Lane Assocs., Ltd. v. Granader*, 175 B.R. 232, 235 (N.D. Ill.
1994) (quoting *In re Americana Expressways, Inc.*, 161 B.R. 707,
709 (D. Utah 1993)); *see also Columbia Gas Transmission Corp. v.*

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 11

*Columbia Gas System, Inc.*, Civ. No. 92-453, 1993 U.S. Dist. LEXIS

1280, at \*18 (D. Del. Feb. 9, 1993) (noting that if a party has a

Seventh Amendment jury trial right, there is "sufficient cause to

withdraw the reference").

The Trustees also argue that Prosser waived her right to a

jury trial by purportedly failing to timely assert that right in

compliance with the Local Bankruptcy Rules.  That argument

appears to extend only to another adversarial proceeding not

under consideration here.  In Adversarial Proceeding Nos. 08-3003

and 08-3006, the subject of this opinion, Prosser did indeed

assert her right to a jury trial under the Seventh Amendment.

The assertion of that right was both timely and compliant with

the local rules.[4]  The Trustees' waiver argument is therefore

unavailing.

_____

[4]  Local Rule of Bankruptcy Procedure 9015-1 ("Rule 9015-1")
provides that "[t]he last date on which a demand for jury trial
may be made by any party is fifteen (15) days after . . . an
answer to a complaint . . . is filed and served[.]" LBR 9015-1.
That rule further provides that "[t]he failure to comply with
this Local Bankruptcy Rule shall be deemed to be a waiver of
trial by jury in the Bankruptcy Court." *Id.*

In Adversarial Proceeding No. 08-3003, Prosser was required
to demand a jury trial within fifteen days of her March 12, 2008,
answer.  Clearly, as her jury demand was included with her answer
to the complaint, her demand was filed within the deadline.
Similarly, in Adversarial Proceeding No. 08-3006, Prosser
included her jury demand in her answer.  That demand was
therefore also timely.

In re: Jeffrey J. Prosser
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 12

According to the Trustees, Prosser is also not entitled to a jury trial because the Bankruptcy Division has not yet determined whether the adversarial proceedings are "core" or "non-core." The Trustees overlook, however, that such a determination is largely irrelevant if a party has a Seventh Amendment right to a jury trial. *See*, *e.g.*, *In re Clay*, 35 F.3d 190, 194 (5th Cir. 1994) ("[R]egardless of whether one characterizes a proceeding as core or noncore, a case is not a public rights case if a litigant has a Seventh Amendment right to a trial by jury."); *In re Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1173 & n.10 (6th Cir. 1992) (holding that "the district court must conduct [a] jury trial regardless of whether [the proceeding] is . . . 'core' or a 'non-core'" if the Seventh Amendment applies); *In re Concept Clubs, Inc.*, 154 B.R. 581, 585 (D. Utah 1993) (noting that "regardless of whether the matter is core, or non-core, the district court must conduct the jury trial if it is required by the Seventh Amendment").

Finally, the Trustees maintain that the *Granfinanciera* test tips in their favor because their claims against Prosser are purely equitable.  They claim that they seek, among other things, injunctive relief to protect the bankruptcy estates' property and an equitable accounting of that property.  In essence, the Trustees attempt to distinguish these proceedings from

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 13

*Granfinanciera* on the ground that the trustee in *Granfinanciera*

sought only specific amounts of money.  The Trustees are not

wholly incorrect in making that distinction.  While the remedy

sought in *Granfinanciera* does not exactly mirror that sought

here, however, that distinction is immaterial.  As in

*Granfinanciera*, the Trustees ultimately seek monetary damages.[5]

Under *Granfinanciera*, the Seventh Amendment right to a jury trial

attaches to such an action.  The mere fact that the Trustees seek

an equitable accounting does not require Prosser to abandon her

right to a jury trial on the Trustees' fraudulent conveyance

claims.[6]  *See*, *e.g.*, *Dairy Queen*, *Inc.*, 369 U.S. at 472-73 (noting

---

[5]  Curiously, the Trustees assert that their complaints
"do[] not seek any monetary relief." (Br. in Supp. of Resp. to
Prosser's Mot. to Withdraw the Reference of Consolidated
Adversary Proceedings at 15.)  That assertion does not square
with the Trustees' complaints themselves, which allege that the
Trustees "may recover from the Defendant each of those Transfers,
the value thereof, or any and all proceeds, *monies* or properties
attributable to same." (Compl. ¶ 23) (emphasis supplied).

Indeed, the Trustees seek to recover, for example,
$3,414,376.01 in wine and liquor purchases; $3,115,650.76 in
charges relating to clothing, jewelry, luxury goods and travel;
$3,112,824.50 in expenses for furniture and interior decorating
service; and $1,332,639.70 in payments to a subcontractor for the
construction of a house. (*See* Compl. ¶ 13.)

[6]  To demonstrate that the *Granfinanciera* test favors them,
the Trustees rely in part on *Jobin v. Youth Benefits Unlimited
(In re M&L Business Mach. Co.)*, 59 F.3d 1078 (10th Cir. 1995).
In that case, the Court of Appeals for the Tenth Circuit
concluded that the appellant had no Seventh Amendment right in an
action brought under 11 U.S.C. § 549, which provides that "the

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 14

that "where both legal and equitable issues are presented in a
single case, only under the most imperative circumstances can the
right to a jury trial of legal issues be lost through prior
determination of equitable claims") (alteration, quotation marks
and citation omitted); *In re Stansbury Poplar Place, Inc.*, 13
F.3d 122, 125 (4th Cir. 1993).

    All three parts of the *Granfinanciera* test are met.
Accordingly, Prosser is entitled to a jury trial under the
Seventh Amendment on the claims asserted against her by the
Trustees. *See*, *e.g.*, *Langenkamp*, 498 U.S. at 45 ("[I]f a party
does not submit a claim against the bankruptcy estate, . . . the
trustee can recover alleged preferential transfers only by filing
what amounts to a legal action to recover a monetary transfer.
In those circumstances the preference defendant is entitled to a
jury trial."); *Eberhard*, 530 F.3d at 136 ("Where [a] claim is for
the right to possession, the Seventh Amendment guarantees a jury

---

trustee may avoid a transfer of property of the estate . . . that
occurs after the commencement of the case . . . ."  The Tenth
Circuit found that that provision is "clearly designed to protect
the bankruptcy estate following its inception, . . . a procedure
which is equitable in nature." *Jobin*, 59 F.3d at 1082 (citations
omitted).  While the trustee in *Jobin* sought relief exclusively
under 11 U.S.C. § 549, the Trustees here seek relief under that
provision as well as 11 U.S.C. §§ 502, 544 and 548.   In
*Granfinanciera*, the Supreme Court explicitly held that a 11
U.S.C. § 548 action triggered the right. 492 U.S. at 37.   The
Trustees' reliance on *Jobin* is therefore misplaced.  The other
cases on which the Trustees rely are similarly inapposite.

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 15

trial.") (footnote omitted).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the motions to withdraw the

references in Adversarial Proceeding Nos. 08-3003 and 08-3006

will be granted.   The Court will schedule the trial of those two

proceedings in due course.   An appropriate order follows.


S\_____
                   **Curtis V. Gómez**
                   **Chief Judge**